UNISTED STATESD DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
3:10-CV-00021-JGH
*Electronically Filed*

SHELIA ARGENBRIGHT                                                      PLAINTIFF

vs.

CMH of KY, Inc. d/b/a CLAYTON HOMES                 DEFENDANT

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Shelia Argenbright, by counsel, hereby submits this memorandum in opposition to Defendant's Motion to Dismiss and respectfully requests this Court deny Defendant's Motion to Dismiss.

**ARGUMENT**

I. **Plaintiff Has Concurrently Filed a Motion for Leave to File a First Amended Complaint Which Clarifies the Factual Allegations and Realigns Plaintiff's Claims.**

As discussed in section II below, Plaintiff's original Complaint satisfies the notice pleading requirements for the employment discrimination and other claims contained within it. *See infra*, section II.

However, out of an abundance of caution, Plaintiff has filed a separate motion requesting this Court grant her leave to file a First Amended Complaint. This proposed Amended Complaint sets out very specific facts in support of her claims against Defendant and realigns Plaintiff's claims. *See* Exhibit 1 (Proposed First Amended Complaint). This realignment of claims withdraws by omission Plaintiff's Family and Medical Leave Act Claim ("FMLA") and

the punitive damages claim arising from her Kentucky Civil Rights Act ("KCRA") claim.[1] It also clarifies that the negligent supervision claim in fact alleges an underlying tortious act by Defendant's employee of the breach of the duty of good faith and fair dealing and/or the tort of outrage. Specific facts within the First Amended Complaint provide sufficient support to state a claim upon which relief may be granted on all claims within it.[2]

Plaintiff submits and argues that her First Amended Complaint, if leave is granted to file it, provides a full and sufficient factual basis for her claims against the Defendant and resolves all alleged deficiencies Defendant complains of her its motion to dismiss.[3] On this ground, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

### II. Defendant's Motion to Dismiss Plaintiff's Original Complaint should be Denied because Plaintiff's Complaint Satisfies the Requirements set forth in Rule 8(a).

In the alternative, and in the event that the Court denies Plaintiff's motion to amend, Plaintiff's original complaint filed pursuant to notice pleadings rules is sufficient to state claims against Defendant. Therefore, dismissal of the original Complaint is also inappropriate and Defendant's motion to dismiss should be denied on this ground as well.

Defendant suggests that Plaintiff must establish a prima facie case of discrimination within her Complaint or be subject to summary dismissal. However, it is not necessary to establish a prima facie case when setting forth an employment discrimination claim in a complaint. Rather, it is only necessary to set forth a short and plain statement to show the pleader is entitled to relief. *Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002).

---

[1] To be clear, Plaintiff continues to seek punitive damages in tort claims other than its KCRA claim.

[2] The proposed First Amended Complaint does add two new claims of: (i) the breach of the duty of good faith and fair dealing; and (ii) implied contract/promissory estoppel. These new claims are supported by the factual allegations within the proposed First Amended Complaint.

[3] With the exception, of course, of the FMLA claim and the claim for punitive damages arising from the KCRA, which are omitted from the proposed First Amended Complaint.

Defendant relies on *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) as grounds for its Motion to Dismiss. Defendant has ignored however, the United States Supreme Court's ruling in *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), which provides the controlling precedent in this case. The *Sorema* decision is directly on point because it deals with the sufficiency of pleadings pursuant to Fed. Rule Civ. P. 8(a) in relationship to employment discrimination cases. Moreover, the *Sorema* decision was positively cited by the *Twombly* Court. *Twombly*, 550 U.S. at 569 – 570. In contrast, the *Twombly* decision addresses what must be plead in order to set forth a claim that a defendant has violated the Sherman Act and the *Iqbal* decision dealt with allegations that the former Attorney General of the United States and the Director of the Federal Bureau of Investigation had adopted an unconstitutional policy that subjected respondent to harsh conditions of confinement. Neither of these cases deals with employment discrimination.

In *Sorema*, the Plaintiff alleged that he had been wrongfully discriminated against by his employer in violation of Title VII of the Civil Rights Act and in violation of the Age Discrimination in Employment Act. The United States District Court for the Southern District of New York dismissed his Complaint reasoning that plaintiff had not adequately alleged a prima facie case because he had not adequately alleged "circumstances that support an inference of discrimination.'" *Sorema*, 534 U.S. at 509. The United States Court of Appeals for the Second Circuit affirmed this decision reasoning that *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) required a complaint in an employment discrimination case to set forth facts constituting a prima facie case. *Sorema*, 534 U.S. at 509. On appeal, the United States Supreme Court reversed this decision and held that "an employment discrimination complaint need not include such facts and instead must contain only 'a short and plain statement of the claim showing that

the pleader is entitled to relief.' *Fed. Rule Civ. Proc.* 8(a)(2)." *Sorema*, 534 U.S. at 508. Significantly, the Court held that it is inappropriate to require a Plaintiff to meet a specific formula for pleading his claims of employment discrimination at the notice pleading stage:

> [U]nder a notice pleading system, **it is not appropriate to require a plaintiff to plead facts establishing a prima facie case** because the McDonnell Douglas framework does not apply in ever employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case….It thus seem incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.

*Id.* at 511 (internal citations omitted)(emphasis added).

"Other provisions of the federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that 'no technical forms of pleading or motions are required,' and Rule 8(f) provides that 'all pleadings shall be so construed as to do substantial justice.' Given the Federal Rules' simplified standard for pleading, '**[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations**… If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Id.* at 513 – 514.

In this case, Plaintiff met the minimum standard required for notice pleading. As evidenced by Defendant's Motion to Dismiss, Defendant is well aware of the claims Plaintiff has against it. Moreover, if Defendant was unsatisfied with the Complaint, it could have asked for a more definite statement pursuant to Fed. Rule Civ. P. 12(e). Instead, Defendant has asked this Court to impose the most harsh and unforgiving result available: dismissal of Plaintiff's claims. Defendant's conduct in this case was egregious and in violation of some of our most

fundamental rules of law requiring equality in the workplace and the right to be free from harassment of any type, especially that of a sexual nature.

As discussed in Section I above, Plaintiff withdraws her Family and Medical Leave Act Claim ("FMLA") and the claim for punitive damages arising from her KCRA claim.

### III. Any Dismissal of Plaintiff's Claims Should be Without Prejudice as to Re-filing in State Court.

In the second alternative, and in the event that the Court grants Defendant's motion to dismiss, Plaintiff respectfully submits that any such dismissal should be without prejudice as to re-filing in this court or particularly in the state courts. The limitations period has not expired on any of the claims in the original Complaint or the proposed First Amended Complaint. Moreover, this case was filed only weeks ago and the fair administration of justice requires that Plaintiff should be afforded the opportunity to re-state her claims in a new state court action following any dismissal by this Court on purely technical legal pleading grounds.

### CONCLUSION

In the event that the Court grants Plaintiff's motion to amend, the First Amended Complaint fully clarifies Plaintiff's factual allegations and moots Defendant's motion to dismiss on all arguments.

In the alternative, if the Court denies Plaintiff's separate motion to amend, dismissal of the original complaint is inappropriate because it contains sufficient facts to satisfy the notice pleading requirements. To dismiss Ms. Argenbright's claims at this early stage in litigation would be a travesty to justice. Defendant understands and is on notice of Ms. Argenbright's claims against it; that is all that is required by Fed. Rule Civ. P. 8(a).

Lastly, Plaintiff submits that any dismissal should be without prejudice as to re-filing.

On these grounds, Plaintiff Ms. Argenbright respectfully requests this Court deny Defendant's Motion to Dismiss.

A tendered order is attached.

                                                THOMPSON MILLER & SIMPSON, PLC

                                                /s/ Clay M. Stevens_____
                                                Clay M. Stevens, Esq.
                                                734 West Main Street, Suite 400
                                                Louisville, Kentucky  40202
                                                Telephone: (502) 585-9900
                                                Facsimile: (502) 585-9993
                                                *Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing was served via electronic case filing, this 23rd day of February, 2010 to the following:

George J. Miller, Esq.
Sharon L. Gold, Esq.
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, KY  40507-1746
(859) 259-0649
*Counsel for Defendant, CMH of Kentucky, Inc.*

/s/Clay M. Stevens_____
*Clay M. Stevens, Esq.*
*Counsel for Plaintiff*